IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| UNITED STATES OF AMERICA | ) | CR. No: 3:09-715-JFA |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ISRAEL JUAREZ DELGADO, | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the court upon the petition by defendant Israel Juarez Delgado to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 223). For the reasons discussed below, the court finds that the grounds asserted by the Petitioner lack merit, and that the Respondent's motion for summary judgment should be granted, and the Petition dismissed.

## BACKGROUND

A grand jury indicted Israel Delgado and others with conspiring to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846 on June 17, 2009. Delgado eventually pled guilty under a Second Superseding Indictment which charged the defendants with conspiracy to distribute five (5) kilograms or more of cocaine, eleven counts of distribution of cocaine base, and one count of distribution of more than five hundred (500) grams of cocaine. Delgado, represented by Assistant Federal Public Defender Langdon Long, pled guilty to Counts 1 and 22. Count 1 charged the defendant with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846, and Count 22 charged him with illegal re-entry after deportation in violation of 8 U.S.C. §§ 1326(a) and 1326(b).

Delgado pled guilty before this court on May 13, 2010. This court conducted that plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Delgado advised the court that he understood the implications of pleading guilty and that he understood the contents of his plea. The plea agreement contained a limited waiver of Delgado's appeal rights which stipulated that, as long as he did not receive a life sentence, he waived his right to appeal altogether. Delgado indicated he understood this portion of his plea. Nevertheless, the defendant breached the terms of the plea by filing objections to the pre-sentence report that were inconsistent with stipulations contained in the plea. Delgado's counsel notes that he advised his client against pursuing such action.

The court conducted a sentencing hearing beginning on November 15, 2010. After hearing testimony from numerous witnesses, the court held the defendant responsible for 374 kilograms of cocaine powder. The court also found that he had breached the terms of the plea, that he should receive a two-level enhancement for use of a weapon, and that he had not accepted responsibility. Accordingly, Delgado's total offense level was 40, with a Criminal History Category of 1, resulting in a guideline range of 292 to 365 months of incarceration. The court imposed a sentence of 300 months. Delgado nevertheless filed a direct appeal, despite the agreement not to do so if he was sentenced to less than life. The Government filed a motion to dismiss, to which Delgado's counsel, AFPD Long responded. The Fourth Circuit dismissed the appeal on May 24, 2011.

Delgado filed the instant petition pursuant to 28 U.S.C. § 2255 on September 30, 2011. Delgado advances four grounds for relief. The first two grounds allege ineffective assistance of counsel, first, for failing to file a meaningful direct appeal and, second, for counsel's failure to challenge what the defendant labels a mistake in the sentence calculation. The third ground also alleges ineffective assistance of counsel because "Counsel did not know what his client was charged and the plea was for." The final ground is a request to be re-sentenced under the Fair Sentencing Act and retroactive Amendment 750.

The Government, Respondent here, has filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (ECF No. 242). The court advised the Petitioner in a *Roseboro* order of the importance of his adequate response to the motion for summary judgment and the Petitioner responded in opposition. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## STANDARD OF REVIEW

In order to prevail on an ineffective assistance claim, the Petitioner must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Id.* at

688–89. In addition to showing ineffective representation, the petitioner must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party opposing summary judgment "must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "The party seeking summary judgment carries the burden of showing that there is no genuine issue as to any material fact in the case." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.* Because the Petitioner is acting pro se, the documents that he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the court may not ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't. of Social Svcs.*, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION**

*Ground One*

Delgado's first ground for relief alleges ineffective assistance of counsel for failure to file a meaningful appeal. Delgado's plea agreement contained a waiver of appeal, but Delgado breached his plea agreement prior to sentencing. The Government maintained that Delgado remained bound by the agreement, and that the breach did not void the appeal waiver. Counsel for Delgado, however, attempted to get the Government to abandon its position that the appeal waiver remained in effect after Delgado breached the plea agreement. Ultimately, the Government did not agree and filed a motion to dismiss the appeal. Counsel for Delgado responded to that motion, but did note the existence of the appeal waiver and did not contest the contentions made by the Government. The Fourth Circuit granted the motion and dismissed the appeal.

Delgado argues that there is no difference between his situation, where his lawyer did not contest the motion to dismiss, and where counsel fails to file the appeal. Delgado attempts to align his case with those in which a defendant requested that his attorney file an appeal but the attorney failed to do so. *See, e.g.*, *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.").

The court does not agree that this case should be treated similarly to those in which an attorney fails to file an appeal despite a direct request to do. Here, Delgado's

counsel did file an appeal, and the Fourth Circuit determined that it should be dismissed. Because an appeal was filed, there was no prejudice under *Strickland*.

In an attempt to obtain a beneficial result for his client, counsel advised his client to consent to the plea agreement. At the plea hearing, this court conducted a Rule 11 plea colloquy and was satisfied that Delgado entered into this plea knowingly and voluntarily. Delgado subsequently breached that plea agreement, placing his counsel in a difficult position. Counsel followed his client's wishes and filed a notice of appeal, but—aware of his professional and ethical duties—also advised the court of the events that had already transpired, including the appellate waiver. The Fourth Circuit then reviewed the arguments and held that an appeal was not allowed. The court does not find that counsel's actions in this case were defective. Accordingly, Delgado has failed to show either cause or prejudice under *Strickland*, and the court finds that the petitioner's first ground for relief lacks merit.

*Ground Two*

As noted by the Government, the grounds for Delgado's second claim are not easily ascertained. Delgado contends that counsel was ineffective for failing to challenge the court's sentence when it sentenced him to 300 months. Delgado asserts that, because the indictment charged a conspiracy to distribute 5 kilograms or more of cocaine, he was required to be sentenced at the base offense level of 32, which corresponds to 5 to 15 kilograms of cocaine.

6

Delgado's position is incorrect. Once he admitted at his plea that he agreed to distribute 5 kilograms or more cocaine, he established the appropriate guideline range. As the Government notes, the guideline range is essentially a floor and ceiling, and the court may, after considering the factors in 18 U.S.C. § 3553(a), sentence anywhere within that Guideline range,[1] which this court ultimately did. *See United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). The court was not required to sentence at the base level, as Delgado contends. Accordingly, the court's findings regarding the amount of drugs involved did not result in an increase beyond the prescribed statutory maximum, and Delgado's reliance on *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) is misplaced. Because there was no error, there is no merit to Delgado's second claim alleging ineffective assistance of counsel.

*Ground Three*

Delgado's third ground for relief is also an ineffective assistance of counsel claim that appears to be a complaint that Delgado's counsel did not know the charges against his client. The Government notes that this claim is so vague that it fails to state a cognizable or understandable claim. Also, Delgado failed to include a memorandum outlining this argument with the original petition, but in his opposition to the Government's motion for summary judgment, Delgado argues that he "was convicted and sentenced on a non-existing offense 21 U.S.C. § 841." (ECF No. 246). Delgado appears to argue that he was sentenced based on an offense that was not in his plea.

---

[1] In this case, Petitioners Guideline range established a floor of ten years and a ceiling of life.

A review of the record indicates that Delgado is incorrect. Charges under 21 U.S.C. § 841 were included in the Second Superseding Indictment, but Petitioner did not plead to those charges. The plea agreement contained an admission of guilt as to Count 1, conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846, and Count 22, illegal re-entry after deportation in violation of 8 U.S.C. §§ 1326(a) and 1326(b). At sentencing, the court sentenced defendant pursuant to Count 1 and Count 22. (Sentencing Hr'g Tr. 23, ECF No. 204.) Because Delgado was sentenced for the charges to which he pled guilty, his third ground for relief alleging ineffective assistance of counsel lacks merit.

*Ground Four*

Delgado's final ground for relief is a claim for resentencing pursuant to Amendment 750 under the Fair Sentencing Act. Amendment 750, added to Section 1B1.10(c) as a retroactive amendment, altered the offense levels in Section 2D1.1 applicable to crack cocaine offenses. At his sentencing, this court did not attribute any crack cocaine to the defendant; rather, it held him responsible for 374 kilograms of cocaine *powder*. (Sentencing Hr'g Tr. 25, ECF No. 204.) Therefore, it does not appear that Amendment 750 applies to the defendant, and as a result, there has been no change in the guidelines applicable to this case.

Because this particular ground for relief should have been brought as a separate § 3582(c)(2) motion for reduction of sentence, however, the court will not reach the merits of this particular ground for relief. Accordingly, the court dismisses the claim

pursuant to ground four without prejudice to Delgado's right to file a motion under § 3582(c)(2).

## CONCLUSION

Having carefully considered all of the allegations raised in the § 2255 petition, the court concludes that none of the claims asserted by Delgado has merit, and the Government's motion for summary judgment is granted. For the reasons contained herein, Delgado's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied with prejudice as to grounds one, two, and three. As to ground four, the claim is dismissed without prejudice to Delgado's right to file a motion under § 3582(c)(2). It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

May 29, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."